*457 Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered March 2, 2001, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the first degree (two counts), upon a jury verdict, and sentencing him to terms of imprisonment of 25 years on the conviction of attempted murder in the second degree, concurrent terms of imprisonment of 25 years on each conviction of robbery in the first degree to run consecutively to the sentence imposed on the attempted murder conviction, concurrent terms of imprisonment of 25 years on each conviction of assault in the first degree to run consecutively to the sentences imposed on the attempted murder and robbery convictions, and 15 years on the conviction of robbery in the second degree to run concurrently with all of the other sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was tó suppress statements made by him to the police.
Ordered that the judgment is modified, on the law, by providing that the sentences imposed on the convictions of attempted murder in the second degree, robbery in the first degree (two counts), and assault in the first degree (two counts), shall run concurrently to each other; as so modified, the judgment is affirmed.
The County Court erred in allowing a police officer to testify regarding the defendant’s admission that he previously possessed the shotgun used in the robbery. The People did not carry their initial burden of establishing that the defendant voluntarily, knowingly, and intelligently waived his Miranda rights before making the statement while in custody (see Miranda v Arizona, 384 US 436 [1966]; People v Anderson, 42 NY2d 35, 38 [1977]; People v Diaz, 291 AD2d 409 [2002]). However, in light of the overwhelming evidence of the defendant’s guilt, the admission of the statement constituted harmless error and *458 reversal is not warranted (see People v Crimmins, 36 NY2d 230, 237 [1975]).
The statements made by the codefendant Janerio Hardy during his plea allocution were properly admitted at the trial as a declaration against penal interest to establish that during the course of the robbery the defendant was aided by another person actually present (see Penal Law § 160.10 [1]; People v Brensic, 70 NY2d 9 [1987]; People v Thomas, 68 NY2d 194 [1986], cert denied 480 US 948 [1987]). Further, the County Court providently exercised its discretion in admitting a police officer’s testimony concerning his investigation. The testimony was admitted not for its truth, but to provide background information as to how and why the police developed a case against the defendant (see People v Tosca, 98 NY2d 660, 661 [2002]).
The defendant correctly contends that the County Court erred in imposing consecutive sentences on the attempted murder conviction, the first degree robbery convictions and the assault convictions. Under the facts of this case, those convictions were essentially based upon the same acts (see Penal Law § 70.25 [2]). Thus, the sentences imposed have been modified accordingly. As modified, the sentences are not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review, and in any event, without merit. Santucci, J.P, Luciano, Schmidt and Adams, JJ., concur.